UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| STRIKE 3 HOLDINGS, LLC | § § § § § | |
|---|---|---|
| v. | | |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 70.119.72.255 | § § § § | CIVIL NO. 4:22-CV-643-SDJ LEAD CASE |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 75.19.0.91 | § § § | CIVIL NO. 4:22-CV-883-SDJ MEMBER CASE |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (Dkt. #4 in Case No. 4:22-CV-883). The motion seeks an order granting leave to serve a non-party subpoena to Spectrum, the internet service provider (ISP) for Defendant John Doe subscriber assigned IP address 75.19.0.91 (4:22-CV-883), in order to ascertain Defendant's identity. After reviewing the motion and the applicable law, the Court **GRANTS** the motion.

### I. BACKGROUND

Strike 3 alleges that it owns the copyright for a number of adult films produced by Strike 3 and distributed via its streaming websites and DVDs. Strike 3 also alleges that Defendant John Doe subscriber assigned IP address 75.19.0.91 has used the

1

BitTorrent protocol[1] to download Strike 3's films and redistribute those films to others without Strike 3's permission, thereby infringing Strike 3's copyrights.

Strike 3 further alleges that, using software that it developed, it has scanned and detected digital media files found online that consist of infringing copies of Strike 3's copyrighted films and, according to Strike 3, those copyright-infringing digital-media files were uploaded by John Doe subscriber assigned IP address 75.19.0.91. Now Strike 3 wishes to uncover the identity of John Doe subscriber assigned IP address 75.19.0.91 so that this John Doe may be served with process in these actions. To do so, Strike 3 asserts that it must be permitted to issue to this John Doe's ISP a non-party subpoena requesting John Doe's identifying information.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have a conference except in proceedings preempted by Rule 26(a)(1)(B) or when authorized by the Federal Rules, by stipulation, or by court order. FED. R. CIV. P. 26(d)(1). Although the Federal Rules do not provide an exact standard for a court's granting such authorization, several other federal courts within the Fifth Circuit, including the Eastern District of Texas, have used a "good cause" standard to determine whether a party is entitled to early discovery. *See, e.g.*, *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018); *Combat Zone Corp. v. Does 1–2*, No. 2:12-

---

[1] BitTorrent refers to "[a] proprietary name for: a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users in turn" or "a software client which transfers files using this protocol." OXFORD ENG. DICTIONARY (3d ed. 2012).

2

CV-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012); *Ensor v. Does 1–15*, No. A-19-CV-00625, 2019 WL 4648486, at *1 (W.D. Tex. Sept. 23, 2019); *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016); *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011).

To analyze the existence of good cause, "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Huawei*, 2018 WL 10127086, at *1 (quoting *St. Louis Group*, 275 F.R.D. at 239). In a good-cause analysis, the court weighs five factors: (1) whether the plaintiff has made a *prima facie* case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Combat Zone*, 2012 WL 6684711, at *1 (citing *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm*, No. 4:12-CV-00963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25. 2012)).

Specifically, when "a party seeks a subpoena for identifying information of anonymous Internet users . . . 'the court must also balance the need for disclosure against the defendant's expectation of privacy.'" *Ensor*, 2019 WL 4648486, at *2 (quoting *Malibu Media, LLC v. Doe*, SA-19-CV-00601, 2019 WL 3884159, at *1 (W.D. Tex. Aug. 16, 2019)). The court, when determining whether to authorize early discovery, enjoys "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Arista Records LLC v. Does 1–19*, 551 F.Supp.2d 1, 6

(D.D.C. 2008) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).

## III. DISCUSSION

The Court concludes that Strike 3 has demonstrated good cause and thus is entitled to limited early discovery for the purpose of identifying John Doe subscriber assigned IP address 75.19.0.91.

### A. Strike 3 Has Made a *Prima Facie* Case of Actionable Harm.

The Copyright Act gives a copyright owner "the exclusive right to reproduce the copyrighted work and display it publicly." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 438 (5th Cir. 2017) (quoting 17 U.S.C. § 106(1), (5)) (cleaned up). "Anyone who violates any of the exclusive rights of the copyright owner as provided by section 106 is an infringer. *Id.* (quoting 17 U.S.C. § 501(a)) (cleaned up). Thus, generally, a plaintiff must prove two elements to establish copyright infringement: (1) the plaintiff's ownership of a valid copyright; and (2) the defendant's copying of constituent elements of the work that are original. *Id.* (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

Strike 3 alleges that it is the owner of the copyright being infringed and that Defendant John Doe subscriber assigned IP address 75.19.0.91 has reproduced or distributed the copyrighted work without Strike 3's authorization using an internet account identifiable by IP address. In support of these allegations, Strike 3 has presented affidavit testimony setting forth that Strike 3 owns the copyright at issue

and that copyrighted works were uploaded or downloaded via the alleged IP address. *See, e.g.*, (Dkt. #4-1 in Case No. 4:22-CV-883). Thus, Strike 3 has established a *prima facie* copyright-infringement claim, and this factor weighs in favor of granting its motion for leave to serve a third-party subpoena. *See FUNimation Ent. v. Does, 1 – 1,427*, No. 2:11-CV-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012); *Combat Zone*, 2012 WL 6684711, at *2.

**B. Strike 3's Discovery Request is Specific.**

From the ISP, Strike 3 seeks only contact information—legal name and physical address—so that Strike 3 can properly serve Defendant John Doe subscriber assigned IP address 75.19.0.91. Strike 3's "discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon [a] particular defendant[] who could be sued in federal court." *FUNimation*, 2012 WL 12897376, at *2. Thus, this factor also weighs in favor of granting Strike 3's motion. *See Combat Zone*, 2012 WL 6684711, at *2 (holding that, where the subpoena sought only the name, addresses, phone numbers, email addresses, and media access control addresses of the unidentified defendant, the discovery request was sufficiently "specific").

**C. Strike 3 Has No Alternative Means to Obtain the Subpoenaed Information and Strike 3 Has a Central Need for the Information.**

Strike 3 has already taken considerable steps on its own to uncover the John Doe's IP addresses, which Strike 3 was successful in obtaining. But Strike 3 has established that discovering Defendant John Doe subscriber assigned IP address 75.19.0.91's legal name and physical address is not feasible without a non-party

5

subpoena to the ISP. *See Combat Zone*, 2012 WL 6684711, at *2 (finding that "without this Order . . . there does not seem to be any way for [Plaintiff] to identify the Defendants and, thus, to properly serve them"). Without a name and address, Strike 3 will be unable to serve Defendant John Doe subscriber assigned IP address 75.19.0.91, making this information critical to the litigation. *FUNimation*, 2012 WL 12897376, at *2. Thus, the alternative-means and central-needs factors also weigh in favor of granting Strike 3's motion.

**E. Defendant's Privacy Interests will be Adequately Protected.**

Finally, the Court considers the privacy interests at stake and the implications of these interests on Strike 3's requests for leave to issue a non-party subpoena. Courts have held that "[i]nternet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers." *West Bay One, Inc. v. Does 1–1,653*, 270 F.R.D 13, 15 (D.D.C. 2010) (citing, among others, *Guest v. Leis,* 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties.")). Because the scope of Strike 3's requested subpoena is specific to a name and physical address, and because the Court simultaneously enters a protective order, Defendant John Doe subscriber assigned IP address 75.19.0.91's privacy interests will be adequately protected. Therefore, the privacy-interests factor also favors granting Strike 3's motion as to the ISP subpoena.

\*   \*   \*

Based on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances, and considering the good-cause

factors above, the Court concludes that Strike 3 has shown good cause to support the granting of its motion. *Huawei*, 2018 WL 10127086, at *1 (quoting *St. Louis Group*, 275 F.R.D. at 239); *Combat Zone*, 2012 WL 6684711, at *1 (citing *Well Go USA*, 2012 WL 4387420, at *1).

### IV. SCOPE OF SUBPOENAS

In balancing the need for disclosure of identifying information of anonymous internet users against the defendants' expectation of privacy, a subpoena must be specific and adequately protect the defendants' privacy interests. *Well Go USA*, 2012 WL 4387420, at *2. "Courts typically include a protective order to allow a defendant the opportunity to contest the subpoena, thereby protecting the user's expectation of privacy." *Ensor*, 2019 WL 464846, at *3 (citations omitted).

Strike 3's request that the ISP subpoena seek only the name and physical address of Defendant John Doe subscriber assigned IP address 75.19.0.91 is sufficiently narrow and specific to adequately protect Defendant's privacy interests when combined with an appropriate protective order. *See Combat Zone Corp. v. Does 1–5*, No. 3:12-CV-4005, 2012 WL 5289736, at *1 (N.D. Tex. Oct. 26, 2012) (granting leave to subpoena the names, addresses, telephone numbers, email addresses, and media access control addresses of Doe defendants); *see also Ensor*, 2019 WL 4648486, at *4 (explaining that the discovery sought from website operators was "narrowly tailored to the extent that it [sought] the anonymous Internet user's name, physical address, and IP address" but that the plaintiff's request for "any other information" relating to each anonymous user was not narrowly tailored and was acceptable "only

to the extent it [sought] other contact information, i.e., the user's email address"). The Court interprets the scope of Strike 3's discovery request as being limited to this specific contact information.

## V. CONCLUSION AND PROTECTIVE ORDER

For all these reasons, the Court **GRANTS** Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, (Dkt. #4 in Case No. 4:22-CV-883).

The Court also enters the following Protective Order *sua sponte* to protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this case. It is therefore **ORDERED** that:

1. Strike 3 may immediately serve a Rule 45 subpoena to Spectrum, which will be limited to the name, IP address, and physical address of Defendant John Doe subscriber assigned IP address 75.19.0.91. A copy of this Order must be attached to the subpoena.

2. Spectrum will have **twenty days** from the date of service of the Rule 45 subpoena to serve John Doe subscriber assigned IP address 75.19.0.91 with a copy of the subpoena and this Order. Spectrum may serve John Doe subscriber assigned IP address 75.19.0.91 using reasonable means, including by email or written notice sent to Defendant's last known addresses.

3. John Doe subscriber assigned IP address 75.19.0.91 will have **thirty days** from the date of service of the Rule 45 subpoena and this Order to file any motions with the Court contesting the subpoena as well as any

      request to litigate this subpoena anonymously. Spectrum may not turn over any identifying information before such thirty-day period has lapsed. Further, if John Doe subscriber assigned IP address 75.19.0.91 or Spectrum files a motion to quash or modify the subpoena, Spectrum may not turn over any information to Strike 3 until the Court rules on that motion.

4.    If the thirty-day period expires without any motion contesting the subpoena, Spectrum will have **ten days** thereafter to produce the subpoenaed information to Strike 3.

5.    Spectrum must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Spectrum may file a motion to raise any undue burden caused by this preservation obligation.

6.    Any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 only for the purpose of protecting its rights as asserted in its Complaint. The information disclosed may only be used by Strike 3 in this litigation and may not be disclosed other than to counsel for the parties.

**So ORDERED and SIGNED this 30th day of November, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE